BINGHAMTON CANDY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96737.    Promulgated January 15, 1941.

*William Cogger, Esq.*, for the petitioner.
*R. H. Transue, Esq.*, and *Percy C. Young, Esq.*, for the respondent.

OPINION.

SMITH: The question for our determination in this proceeding is whether the amount of $719.24, which the petitioner received in 1936 from its vendors as reimbursements of processing taxes on corn syrup, cornstarch, and peanuts, collected under the provisions of the Agricultural Adjustment Act as amended and supplemented is subject to the tax imposed by section 501 (a) (2) of the Revenue Act of 1936.

The pertinent provisions of Title III of the Revenue Act of 1936 follow:

### TITLE III—TAX ON UNJUST ENRICHMENT

SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

\* \* \* \* \* \* \*

(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

\* \* \* \* \* \* \*

(d) The net income from reimbursement or refunds specified in subsection (a) (2) \* \* \* shall be computed as follows: From the total payment or accrual (1) of reimbursement to the taxpayer from vendors for amounts representing

Federal excise tax burdens included in prices paid by the taxpayer to such vendors or (2) of refunds or credits to the taxpayer of Federal excise taxes erroneously or illegally collected, there shall be deducted the expenses and fees reasonably incurred in obtaining such reimbursement or refunds.

(e) For the purposes of subsection (a) (1), (2), and (3), the extent to which the taxpayer shifted to others the burden of a Federal excise tax shall be presumed to be an amount computed as follows:

(1) From the selling price of the articles there shall be deducted the sum of (A) the cost of such articles plus (B) the average margin with respect to the quantity involved; or

(2) If the taxpayer so elects by filing his return on such basis, from the aggregate selling price of all articles with respect to which such Federal excise tax was imposed and which were sold by him during the taxable year (computed without deduction of reimbursement to purchasers with respect to such Federal excise tax) there shall be deducted the aggregate cost of such articles, and the difference shall be reduced to a margin per unit in terms of the basis on which the Federal excise tax was imposed. The excess of such margin per unit over the average margin (computed for the same unit) shall be multiplied by the number of such units represented by the articles with respect to which the computation is being made; * * *

  *   *   *   *   *   *   *

(f) As used in this section—

(1) The term "margin" means the difference between the selling price of articles and the cost thereof, and the term "average margin" means the average difference between the selling price and the cost of similar articles sold by the taxpayer during his six taxable years preceding the initial imposition of the Federal excise tax in question, * * *

(2) The term "cost" means in the case of articles manufactured or produced by the taxpayer, the cost to the taxpayer of materials entering into the articles; or, in the case of articles purchased by the taxpayer for resale, the price paid by him for such articles (reduced in both cases by the amount for which he is reimbursed by his vendor).

(3) The term "selling price" means selling price minus * * *

  *   *   *   *   *   *   *

(i) Either the taxpayer or the Commissioner may rebut the presumption established by subsection (e) by proof of the actual extent to which the taxpayer shifted to others the burden of the Federal excise tax. * * *

  *   *   *   *   *   *   *

(1) The taxes imposed by subsection (a) shall be imposed on the net income from the sources specified therein, regardless of any loss arising from the other transactions of the taxpayer, and regardless of whether the taxpayer had a taxable net income (under the income-tax provisions of the applicable Revenue Act) for the taxable year as a whole; * * *

Petitioner alleges that it is not subject to the tax imposed by section 501 (a) (2) for the reason that it bore the burden of the processing taxes for which it received reimbursement in 1936 and did not shift that burden to others. It admits that prior to some date in 1935 it shifted the burden of the processing taxes to its vendees but alleges that after it learned that one or more of its vendors had obtained injunctions against the collection of the tax by collectors of internal revenue it thereafter deducted from the cost to it of corn syrup,

peanuts, etc., the amount of the processing taxes included therein in determining cost of sales. At what time in 1935 this change in the method of computing cost of sales took place the evidence does not disclose. The petitioner's president testified that he did not know. Neither did he know whether the deduction from the cost of the estimated amount of the processing taxes included in the purchase price had any effect upon the sales prices of the different kinds of candies. The element of the processing taxes in cost of materials purchased was very small. The prices at which candies were sold were largely determined by competition.

Although the Board is of the opinion that a taxpayer appealing to it from the determination of a deficiency in the unjust enrichment tax is not limited to any particular form of proof, *Sophie Jaski*, 43 B. T. A. 321, and article 16 of Regulations 95, the proof must be such as to satisfy the Board that the taxpayer himself has borne the burden of the tax before the taxpayer may prevail. A presumption of correctness attaches to the respondent's determination of the deficiency.

The petitioner has offered proof to the effect that its margin of profit per pound of candy sold during the calendar years 1935 and 1936 was less than during the six-year period 1927–1932. It submits that this is proof that it bore the burden of the excise taxes for which it was reimbursed.

We do not think that the profit margins for 1935 and 1936 and for the period 1927–1932 prove that the taxpayer bore the burden of the processing taxes for which it was reimbursed in 1936. The data offered for 1935 and 1936 do not purport to show the margin of profit for the portion of the years 1935 and 1936 to which the reimbursements of the processing taxes relate. That period began at some time in 1935 and ended on January 6, 1936, the date on which the Supreme Court promulgated its opinion in *United States* v. *Butler*, 297 U. S. 1. During a part of 1935 petitioner admits that it shifted the burden of the processing taxes to its vendees and the processing tax was not effective after January 6, 1936. For all that the record shows to the contrary the petitioner's margin of profit per pound of candy sold during the period for which the petitioner received the reimbursements was greater than during the balance of the yearly periods. We therefore do not think that the comparison of profit margins made by the petitioner in this case is any proof that the petitioner bore the burden of the processing taxes for which it was reimbursed.

In our opinion the proof offered by the petitioner does not show that the respondent erred in his determination of the deficiency.

Reviewed by the Board.

*Decision will be entered for the respondent.*